UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK HEINZ,

        Plaintiff,

                                          Case No. 05-CV-73470

vs.

                                          HON. GEORGE CARAM STEEH

LELAND TESCHENDORF, et al.,
        Defendants.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DOCUMENT #43) AND ORDERING DISMISSAL OF CASE

This matter is one in which *pro se* plaintiff Fredrick Heinz, an inmate at the Marquette Branch Prison, Marquette, Michigan, filed suit under 42 U.S.C. § 1983 against Tuscola County, Michigan, and several Tuscola County officials, alleging that he was subjected to cruel and unusual punishment while incarcerated at the Tuscola County Jail pending trial on various criminal charges. Plaintiff's complaint alleges that defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by denying him adequate out-of-cell time for exercise and a nutritionally adequate diet.

As provided by 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(2), the case was assigned to Magistrate Judge Virginia M. Morgan for a report and recommendation on plaintiff's civil rights complaint and defendants' motion for summary judgment. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. See Matsushita Electric Industrial Co., Ltd. Et al. v. Zenith Radio Corp., et. al., 475 U.S. 547 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).  Once the party moving for summary judgment has fulfilled  his or her burden of demonstrating the absence of a genuine issue of material fact, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Id (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968)).

Before the court is the magistrate's report and recommendation, filed August  1, 2006, recommending defendants' motion be granted and that the plaintiff's complaint be dismissed with prejudice, for reason of plaintiff's failure to provide sufficient evidence, in support of his allegations, showing that there is a genuine issue for trial.  On September 19, 2006, this court entered its order accepting the magistrate judge's report and recommendation and dismissing the plaintiff's complaint in this matter. Judgment for the defendants was filed the same day. On September 28, 2006, plaintiff filed his motion for "reconsideration" of the court's judgment, asserting he never received a copy of the magistrate's report and recommendation and therefore did not file his desired objections. He did not include his objections but did attach a sworn affidavit to that effect. The court allowed plaintiff to file objections as though the report and

2

recommendation were being filed on November 13, 2006. Plaintiff's objections were filed on November 27, 2006.

As Magistrate Morgan recited, to prevail on a conditions-of-confinement claim, a detainee must plead and prove two elements, one objective and the other subjective. Farmer v. Brennan, 511 U.S. 825 (1994). First, he must show that the deprivation is one which, when viewed objectively, is sufficiently serious to warrant scrutiny under the Eighth Amendment.[1] To meet this requirement, a detainee must demonstrate that the defendant's act or omission resulted in "the denial of 'the minimal civilized measure of life's necessities.'" Id., 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337 (1981)). Second, the detainee must demonstrate that the defendant acted with deliberate indifference to the detainee's health or safety. Id. In order to satisfy this subjective intent element, the detainee must show that the defendant both knew of and disregarded an excessive risk to inmate health or safety. Id., 511 U.S. at 837. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Magistrate Judge Morgan found that there was sufficient evidence in the record for a rational finder of fact to conclude that plaintiff was deprived of adequate exercise time and that the deprivation was, objectively, sufficiently serious to rise to the level of an Eighth Amendment violation. As it appears there is no real dispute that the plaintiff was subjected to a near-total deprivation of out-of-cell exercise time during his lengthy

---

[1] Although pretrial detainees are not protected from cruel and unusual punishments under the Eighth Amendment by its terms, it is well established that they are afforded the same protections by the Due Process Clause of the Fourteenth Amendment. Spencer v. Bouchard, 449 F.3d 721 (6th Cir. 2006).

3

stay at the Tuscola County Jail. Further, the defendants failed to establish any reasonable penological or institutional justification for such a lengthy and substantial deprivation.

However, the plaintiff failed to meet the subjective component of a conditions-of-confinement claim. Magistrate Judge Morgan found that the plaintiff failed to present sufficient evidence to create a genuine issue of material fact as to whether any individual defendant was aware that the plaintiff was being denied exercise time or knew of and disregarded an excessive risk to plaintiff's health.[2] Plaintiff failed to rectify the deficiency in his objection.  On the record before the court, despite the length of plaintiff's stay at the Tuscola County Jail, he has failed to present facts from which a reasonable inference of such awareness could be reached as to any of the individual defendants. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, supra, 511 U.S. at 838. Thus, whether defendants should have been aware of the deprivation is irrelevant.

The court must look to the evidence submitted by the parties and determine whether such evidence gives rise to any triable issues of fact.  Here, the plaintiff merely submitted his own three-page affidavit, which consisted largely of conclusory

---

[2]The court agrees with Magistrate Moran's comparison of, Delaney v. DeTella, 256 F.3d 686 (7th Cir. 2001), where the Seventh Circuit determined that an inmate who alleged a denial of exercise claim satisfied the subjective component of the Eighth Amendment inquiry by allegations that "he repeatedly complained to each of the named defendants, filed a grievance, and requested medical attention frequently because he could not exercise outside of his cell." Plaintiff did not allege such facts in neither his complaint nor his objections to the magistrate judge's report and recommendation Furthermore, plaintiff failed to present evidence indicating that he registered similar complaints with any of the named defendants.

statements not supported by any specific facts. Furthermore, his objections to the magistrate judge's report also rested upon conclusory allegations and unsupported speculations. Plaintiff submitted no evidence showing that he filed a grievance or other formal complaint, or that he verbally complained to any of the named defendants regarding the deprivation. Further, plaintiff failed to prove that he had a particular need for the exercise or that he informed any of the named defendants that he was suffering mental and/or physical health problems due to the lack of exercise.[3]

Additionally, Magistrate Judge Morgan found nothing in the record from which a rational trier of fact could conclude that the plaintiff was deprived of an adequate diet. Although there is evidence in the record substantiating plaintiff's allegations that he required special dietary accommodations, there is no evidence that he was denied sufficient food to meet his basic nutritional needs. Plaintiff contends in his affidavit that he was given "three bowls of bran flakes a day, one gallon of distilled water every three days, and two silver dollar size hamburgers daily." Furthermore, the records submitted by defendants show that Tuscola County Jail officials solicited information from plaintiff's treating physician regarding special dietary instructions, that the kitchen staff was informed of plaintiff's dietary needs, that plaintiff was placed on a special diet in accordance with such needs, and that jail officials purchased low-fat hamburger for the plaintiff from the plaintiff's recommended supplier. In spite of the fact that plaintiff

---

[3] The magistrate noted that the majority of the documents defendants submitted in support of their motion, including the jail records, have not been properly sworn or certified and thus do not meet the requirements of Fed. R. Civ. P. 56(e), as required in the Sixth Circuit. See Moore v. Holbrook, 2 F.3d 697, 698-99 (6th Cir. 1993). For example, the jail records reflect that on August 10, 2004, plaintiff was offered an opportunity to go to the exercise yard, but that he declined to do so. However, plaintiff has not objected to the submission of those documents. Accordingly, the court has considered them in deciding defendants' motion.

5

frequently complained about the food he was being served, nothing in the record indicates that he complained his health problems occurred due to dietary insufficiencies. The court notes that even if plaintiff had presented sufficient evidence for a jury to find that he was denied adequate food, there is no evidence that any of the named defendants were deliberately indifferent to plaintiff's dietary needs. Finally, plaintiff's objection failed to address this issue. The failure to file such objections waives a party's right to further appeal. Howard v. Secretary of Health & Human Services, 932 F.2d 505 (6th Cir. 1991).

Plaintiff also alleged a pattern or practice claim against Tuscola County arising from alleged violations of his rights under the Eighth and Fourteenth Amendments. As the magistrate determined, the plaintiff has failed to present sufficient evidence for a jury to find that a Constitutional violation occurred, thus there is no remaining basis for a claim of governmental liability. See Scott v. Clay County, Tenn., 205 F.3d 867 (6th Cir. 2000) ("Nevertheless our conclusion that no officer-defendant had deprived the plaintiff of any constitutional right *a fortiori* defeats the claim against the county as well").

In this matter the court has considered the file, arguments of the plaintiffs, and the report and recommendation of the magistrate judge, with which the court is in full agreement. Being fully advised in the premises, and for the reasons stated in the well-developed report and recommendation of Magistrate Judge Morgan, all pending claims are hereby DISMISSED as stated therein. Therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.

IT IS FURTHER ORDERED that summary judgment is GRANTED for the reasons contained in the magistrate judge's report and recommendation. Accordingly, plaintiff's complaint is dismissed in its entirety and judgment will enter for the defendants.

IT IS SO ORDERED.


Dated:  January 23, 2007

>S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 23, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---